Lexine **PERDUE**, Plaintiff,

v.

**ROY STONE TRANSFER CORPORA-TION, Lonnie Hodges and Ben Koontz, Defendants.**

**Civ. A. No. 81–0156.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 29, 1981.

Robert W. Goodlatte, Roanoke, Va., for plaintiff.

Samuel G. Wilson, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff Lexine Perdue filed this action to redress defendants' alleged acts of discrimination against her because of her sex. Plaintiff's complaint alleges that this Court possesses jurisdiction pursuant to 28 U.S.C. § 1343 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* Defendants have now moved to dismiss plaintiff's complaint on the grounds that the Court lacks jurisdiction to adjudicate this matter.

In her complaint plaintiff alleges that she attempted to apply for the driver training program of Defendant Roy Stone Transfer Corporation on June 4, 1979. At that time Defendant Lonnie Hodges discouraged plaintiff from applying and told her that she would be rejected as an applicant because she was a woman. Defendant Koontz confirmed plaintiff's rejection the next day. On November 7, 1979, plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission [EEOC]. The EEOC then conducted a fact-finding conference which the parties attended on January 15, 1980.

At this conference the parties negotiated a settlement in which plaintiff agreed to waive her right to bring suit under Title VII on the charge she had filed with the EEOC.[1] In turn, defendants agreed to admit plaintiff to the training program if she met the criteria for acceptance and to noti-

---

1. In pertinent part, the settlement agreement signed by plaintiff states:

    In exchange for the promises made by Roy Stone Transfer Corporation contained in paragraph (2) of this agreement, Lexine Perdue agrees not to institute a law suit under Title VII of the Civil Rights Act of 1964 based on Charge Number 03680–0076 filed with the Equal Employment Opportunity Commission, and the Equal Employment Opportunity Commission agrees not to use this charge as the jurisdictional basis for a civil action under Section 700(f)(1) of Title VII.

fy plaintiff in writing of her acceptance or rejection.

On July 17, 1980, defendants advised the EEOC that the training program had been suspended because of economic conditions. Plaintiff never received written notice of this development from defendants. Further, plaintiff alleges that the Roy Stone Transfer Corporation continued to conduct a training program after notifying the EEOC that the program had been suspended. Therefore plaintiff now seeks a remedy for defendants' alleged discriminatory refusal to permit her to enter the training program and for defendants' breach of the settlement agreement.

Assuming plaintiff's allegations to be true, the Court nevertheless concludes that it lacks jurisdiction to decide the issues raised in plaintiff's complaint.

Although plaintiff asserts that the Court possesses jurisdiction under Title VII of the Civil Rights Act of 1964, her complaint does not show that she has fulfilled the jurisdictional prerequisites of Title VII. A plaintiff in a Title VII action must allege filing of a timely charge of discrimination with the EEOC and the receipt of a statutory notice of his right to sue. 42 U.S.C. § 2000e–5(f)(1); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In this instance the parties' conciliation agreement of January 15, 1980, prevented the EEOC from issuing a right-to-sue letter.[2] Plaintiff has not alleged that the EEOC improperly refused to issue the letter. Rather she contends that when an employer enters into a conciliation agreement and then breaches the agreement, a federal court obtains jurisdiction, despite the absence of a right-to-sue letter, to adjudicate the charges which initially led to the settlement agreement and to enforce the terms of the agreement.

The statutory scheme of Title VII and the creation of the EEOC were intended to encourage resolution of employment disputes by cooperation and voluntary compliance. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974); *EEOC v. Cleveland Mills Co.*, 502 F.2d 153, 158 (4th Cir. 1974), *cert. denied*, 420 U.S. 946, 95 S.Ct. 1328, 43 L.Ed.2d 425 (1975). Therefore, by requiring an aggrieved party to file a charge with the EEOC and then, if conciliation efforts are unsuccessful, to await receipt of a right-to-sue letter. Title VII provides the EEOC with "an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party [is] permitted to file a lawsuit." *Id.; see* 42 U.S.C. § 2000e–5(f).

To be consistent with this congressional policy, the Supreme Court has stated that an employee may waive his rights to bring a cause of action under Title VII as a part of a voluntary settlement. 415 U.S. at 52. The Fifth Circuit elaborated on the reasons for enforcing such a waiver in *United States v. Alleghany-Ludlun Industries, Inc.*, 517 F.2d 826, 858–59 (1975):

> Very frankly, we cannot conceive of how any employment discrimination dispute could ever be resolved outside, or indeed inside, the courtroom, if defendants were forbidden to obtain binding, negotiated settlements. No defendant would ever deliver money, promises, or any other consideration—not even a peppercorn—except after entry of a contested, final court order, and even this, on appellants' reasoning, might not end the matter. The EEOC and judicial caseloads would swell to chaotic dimensions. Industrial peace would be needlessly threatened.

Furthermore, the legislative history of the 1972 amendments to Title VII also indicates that once an aggrieved party enters into a conciliation or settlement agreement, his personal right to sue under Title VII is terminated. H.R.Rep. No. 238, 92d Cong., 2d Sess. (1972), *reprinted in* [1972] U.S. Code Cong. & Ad. News 2137, 2148.

---

**2.** 42 U.S.C. § 2000e–5(f) authorizes the EEOC to issue a right-to-sue letter only if "the Commission has not entered into a conciliation agreement to which the person aggrieved is a party."

Absent allegations that plaintiff involuntarily or unknowingly settled her grievance with defendants, the settlement agreement between the parties and the consequent refusal of the EEOC to issue a right-to-sue letter bars this Court from assuming jurisdiction under Title VII. *Trujillo v. Colorado*, 649 F.2d 823 (10th Cir. 1981); *Strozier v. General Motors Corp.*, 635 F.2d 424 (5th Cir. 1981); *Lazic v. University of Pennsylvania*, 513 F.Supp. 761, 766 (E.D.Pa.1981); and *Lemar v. EEOC*, 25 EPD ¶ 31,641 (N.D.Ill. 1981). To allow a plaintiff to enjoy the benefits of his conciliation agreement and yet subsequently bring a Title VII action based on the same allegations of discriminatory conduct that formed the basis of the voluntary settlement would undermine the EEOC's conciliation efforts. Nor would an employer agree to settle a discrimination charge in such circumstances. *Trujillo v. Colorado*, 649 F.2d at 826–27. *United States v. Alleghany-Ludlun Industries, Inc.*, 517 F.2d at 859. Thus the Court will not exercise jurisdiction under Title VII because plaintiff has not received a right-to-sue notice from the EEOC as required by 42 U.S.C. 2000e–5(f).

■ Plaintiff does not, however, thereby forfeit her right to enforce the settlement agreement between defendants and herself in state court, for the agreement constitutes a contract governed by principles of state law. *Okonko v. Union Oil Co.*, 519 F.Supp. 372, 378 (C.D.Cal.1981). And although the conciliation agreement bars plaintiff from suing on her original charge as to defendants' conduct prior to January 15, 1980, plaintiff may perhaps be able to file charges with the EEOC in regard to defendants' conduct after January 15.[3]

■ Plaintiff also contends that the Court possesses jurisdiction under 28 U.S.C. §§ 1343(3) and 1343(4).[4] Regarding § 1343(3), plaintiff has alleged no facts that suggest defendants have acted under color of state law. As for jurisdiction under § 1343(4), plaintiff asserts that this action is intended to obtain relief for the deprivation of rights secured by Title VII of the Civil Rights Act, the thirteenth amendment and 42 U.S.C. § 1981, and the fourteenth amendment and 42 U.S.C. § 1983.

■ If plaintiff were able to invoke this Court's jurisdiction under § 1343(4) to protect her rights under Title VII, then the procedural prerequisites of 42 U.S.C. § 2000e would be circumvented. These statutory requirements are not mere technicalities which emphasize form over substance, but rather they require an aggrieved party to first file charges with the EEOC in an attempt to have the dispute resolved prior to litigation in the federal courts. *Alexander v. Gardner-Denver Co.*, 415 U.S. at 44, 94 S.Ct. at 1017. As the Court has already noted, these jurisdictional requirements would be meaningless if a plaintiff could invoke jurisdiction under § 1343(4), for no employer would then attempt to settle Title VII charges since a plaintiff could then re-litigate the same charges which he had purportedly settled. To avoid this result and remain consistent with the policies underlying Title VII, plaintiff may not assert jurisdiction in this instance pursuant to Title VII and 28 U.S.C. § 1343(4). *Lemar v. EEOC*, 25 EPD ¶ 31,-641 (N.D.Ill.1981).

---

**3.** Although these charges might be barred by 42 U.S.C. § 2000e–5(e), equitable considerations may toll the running of the 180-day period. *See, e.g., Smallwood v. United Air Lines, Inc.*, 661 F.2d 303 (4th Cir. 1981). This issue is not presently before the Court, however, and the Court has no opinion as to whether § 2000e–5(e) would bar these charges.

**4.** 28 U.S.C. § 1343 states, in pertinent part: The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

. . . . .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

The remainder of plaintiff's assertions are similarly unpersuasive. The thirteenth amendment of the United States Constitution concerns only slavery and involuntary servitude, issues which are not presented by plaintiff's complaint. *Palmer v. Thompson*, 403 U.S. 217, 226, 91 S.Ct. 1940, 1945, 29 L.Ed.2d 438 (1979). As for 42 U.S.C. § 1981, it provides a remedy only for race discrimination. *Runyon v. McCreary*, 427 U.S. 160, 167–68, 96 S.Ct. 2586, 2592, 49 L.Ed.2d 415 (1976). And finally, to state a cause of action under 42 U.S.C. § 1983 and the fourteenth amendment, a plaintiff must allege that defendants acted under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). In this instance plaintiff has made no such allegation, nor do the facts suggest that defendants acted under color of state law.

For these reasons, the Court lacks subject matter jurisdiction over plaintiff's complaint. Accordingly, defendants' motion to dismiss will be granted.