## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Appellant,

### v.

## HANSA PRODUCTS, INC., Defendant–Appellee.

### No. 87–1645.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1988.

Decided April 18, 1988.

Michael L. Foreman (Charles A. Shanor, Gen. Counsel, Gwendolyn Young Reams, Associate Gen. Counsel, Susan Buckingham Reilly, Asst. Gen. Counsel, E.E.O.C., Washington, D.C., on brief), for plaintiff-appellant.

Gary L. Lieber (Karen A. Broe, Porter, Wright, Morris & Arthur, Washington, D.C., on brief), for defendant-appellee.

Before WINTER, Chief Judge, and SPROUSE and WILKINS, Circuit Judges.

WILKINS, Circuit Judge:

The Equal Employment Opportunity Commission (EEOC) appeals from the grant of summary judgment in favor of Hansa Products, Inc. on a claim of employment discrimination. We reverse and remand for further proceedings.

### I.

As a prerequisite to filing an employment discrimination action under Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e, *et seq.* (West 1981), an aggrieved employee must timely file a charge with the EEOC. *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). The statute of limitations for filing a charge with the EEOC provides in part:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge ... shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier. . . .

42 U.S.C.A. § 2000e–5(e). If the alleged discrimination occurred in a deferral state,[1] no charge may be filed with the EEOC "before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated." 42 U.S.C.A. § 2000e–5(c).

The issue presented here is whether a claimant in a deferral state must file with the state agency within the prescribed state statute of limitations as a prerequisite to application of the extended 300–day federal filing period and preservation of a federal right of action under Title VII. We hold that a claimant's untimely filing under state law does not prohibit application of the federal 300–day filing period. The claimant need only make a state filing in sufficient time so as to allow an effective filing with the EEOC within 300 days.[2]

## II.

Judith Niedenthal resigned from her job with Hansa Products on March 1, 1983, allegedly due to sexual harassment. She mailed a discrimination charge to the EEOC and the Maryland Human Relations Commission[3] on October 13, 1983, 226 days after her resignation. The charge was received in both offices on October 17, 1983. The Maryland agency dismissed the charge on February 14, 1984 as untimely under the state six-month statute of limitations, Md. Ann.Code art. 49B, § 9(a) (1986 Repl.Vol.), and sent its file to the EEOC.

The EEOC had assumed jurisdiction on December 17, 1983 after expiration of the 60–day deferral period.[4] The EEOC subsequently determined that there was reasonable cause to believe the charge was true, and filed a Title VII complaint in district court on July 31, 1986. Hansa Products moved for summary judgment, asserting that the charge was untimely filed with the EEOC. The district court granted the motion, finding the action barred by Ms. Neidenthal's failure to file a charge with the EEOC[5] or the Maryland agency within 180

---

1. A deferral state is one "which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice." 42 U.S.C.A. § 2000e–5(c).

2. To guarantee that federal rights will be preserved, a claimant in a deferral state must file within 240 days of the discriminatory act. A charge filed between 240 and 300 days after the discriminatory act may still be effectively filed within the extended period, if the state or local proceeding terminates within the period. *See* discussion *infra* regarding *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

3. Maryland is a deferral state. 29 C.F.R. § 1601.74 (1987).

4. When a charge is filed prematurely with the EEOC, it is held in "suspended animation" and automatically filed upon expiration of the 60–day period or termination of the state proceedings. 29 C.F.R. § 1601.13 (1987); *Love v. Pullman Co.*, 404 U.S. at 526, 92 S.Ct. at 618.

5. Filing with the EEOC within the 180–day period, without more, will not preserve a federal right of action for discriminatory acts committed in a deferral state. A claimant in a deferral state must file with the state agency, either personally or in some circumstances the EEOC

days after her alleged constructive discharge. The court relied on its previous holding in *Borowski v. Vitro Corp.*, 634 F.Supp. 252, 256–57 (D.Md.1986), that a timely state filing is a prerequisite to application of the 300–day period. Although the district court found the charge untimely, on appeal this court reversed and remanded, holding that a letter sent by the claimant represented a sufficient and timely filing. 829 F.2d 1119 (4th Cir.1987) (Table).

### III.

Section 2000e–5 specifically requires that a claimant file a charge in a deferral state prior to filing with the EEOC, but it does not explicitly require that a state proceeding be commenced within the state statute of limitations. This issue has never been squarely addressed by this court or the United States Supreme Court. But, for several reasons, it is clear that the statute of limitations of a particular state cannot determine the right to pursue a federal claim under Title VII.

### A.

Supreme Court decisions on similar issues in the area of employment discrimination support our holding. In *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the Court addressed the issue of whether state proceedings must be commenced within state statutes of limitations in order to preserve a federal right of action under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C.A. §§ 621, *et seq.* (West 1985 & Supp. 1987). Under the ADEA, an action may not be brought in district court for age discrimination which occurred in a deferral state, "before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated." 29 U.S.C.A. § 633(b) (West 1985). In the absence of an express statutory requirement that state deferral proceedings be commenced within state time limits, the Court refused to construe section 633(b) to make that a requirement. Noting that the statute only required that the claimant "commence" state proceedings, the Court held:

> [T]here is no requirement that, in order to commence state proceedings and thereby preserve federal rights, the grievant must file with the State within whatever time limits are specified by state law. Rather, use of the word 'commenced' strongly implies the opposite— that state limitations periods are irrelevant—since, by way of analogy, under the Federal Rules of Civil Procedure even a time-barred action may be 'commenced' by the filing of a complaint.

*Oscar Mayer*, 441 U.S. at 759, 99 S.Ct. at 2073. The Court also stated that: "This construction of the statute is fully consistent with the ADEA's remedial purposes and is particularly appropriate 'in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.'" *Id.* at 761, 99 S.Ct. at 2074 (quoting *Love v. Pullman Co.*, 404 U.S. at 527, 92 S.Ct. at 619).

Similarly, in *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Court stated, in addressing Title VII:

> Congress included no express requirement that state proceedings be initiated by any specific date in the portion of the subsection that relates to time limitations in deferral States.... [W]e do not believe that a court should read in a time limitation provision that Congress has not seen fit to include, at least when dealing with 'a statutory scheme in which laymen, unassisted by trained lawyers initiate the process.' *Love v. Pullman Co.*, 404 U.S. 522, 527 [92 S.Ct. 616, 619].

447 U.S. at 816 n. 19, 100 S.Ct. at 2492 n. 19 (citations omitted). In holding that the

---

will refer the charge to the state agency on the claimant's behalf. However, where the state deferral agency, under a worksharing agreement, has waived its right to process charges first filed with the EEOC, the claimant must personally file with the state agency in order to take advantage of the extended 300–day period. *See Dixon v. Westinghouse Elec. Corp.*, 787 F.2d 943 (4th Cir.1986), *petition for cert. filed*, 56 U.S.L.W. 3025 (U.S. July 9, 1986) (No. 86–181).

word "filed" has the same meaning in both subsections 2000e–5(c) and (e), the Court further stated that "a complainant in a deferral State ... need only file his charge within 240 days of the alleged discriminatory employment practice in order to insure that his federal rights will be preserved." [6] 447 U.S. at 814 n. 16, 100 S.Ct. at 2491 n. 16.

*Mohasco* is not controlling since the state charge had been filed within the state limitations period, yet its language is compelling. And, although *Oscar Mayer* was decided under the ADEA, its reasoning equally applies to this Title VII issue, for subsection 633(b) was patterned after subsection 2000e–5(c) and construction of the ADEA provision should follow that of Title VII. *Oscar Mayer*, 441 U.S. at 755–56, 99 S.Ct. at 2071–72.

### B.

This issue was raised before this court in *Dixon v. Westinghouse Elec. Corp.*, but it was not resolved because the court found that the claimant had not "initially instituted" proceedings with the deferral state and could not take advantage of the extended 300–day period under Title VII. 787 F.2d at 945 n. 2, 946. Similarly, in *Citicorp Person–To–Person Fin. Corp. v. Brazell*, 658 F.2d 232 (4th Cir.1981), the court found that a Title VII action was barred because the claimant did not file a charge with the state deferral agency. However, consistent with our present holding, the court did state in dictum:

> In *Oscar Mayer*, the Supreme Court held that a somewhat comparable requirement of exhaustion of state remedies under the Age Discrimination Employment Act could be met by an untimely filing of a charge with the state agency, for the federal statute did not provide that the prerequisite state charge must be filed within the time limitation prescribed by

state law. *Oscar Mayer* requires that we give [section 2000e–5(c) ] of Title VII a similar construction....

658 F.2d at 234 (citations omitted).

Hansa Products contends that this court established the timely filing of a state charge as a prerequisite to the extended 300–day period in *Doski v. M. Goldseker Co.*, 539 F.2d 1326 (4th Cir.1976). We disagree. In *Doski*, the court did not address the issue of a timely state filing since the deferral state in question did not have a statute of limitations at the time the discrimination occurred. The employer contended that the extended period could not be invoked unless the charge was filed with the state agency within 180 days of discrimination. This court held that: "On its face the section [2000e–5(e) ] requires only that proceedings be 'initially instituted' with the State or local agency.... [W]e are unable to read into the statute a federal time limitation period on state or local agency action." *Id.* at 1329–30. Contrary to Hansa Products' contention, *Doski* conforms with our present holding.[7]

### C.

Our holding is also consistent with decisions of other circuits that have addressed this and similar issues under Title VII. *Gilardi v. Schroeder*, 833 F.2d 1226 (7th Cir.1987); *Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553 (5th Cir.1987); *EEOC v. Shamrock Optical Co.*, 788 F.2d 491 (8th Cir.1986); *Thomas v. Florida Power & Light Co.*, 764 F.2d 768 (11th Cir.1985); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208 (3d Cir.1984); *Smith v. Oral Roberts Evangelistic Ass'n, Inc.*, 731 F.2d 684 (10th Cir.1984);[8] *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614 (6th Cir.1983), *cert. denied*, 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984). It is also in accord with the reasoning of other cir-

---

**6.** If a charge is filed beyond 240 days, it may still be timely if the state or local proceedings terminate within the 300–day period.

**7.** To the extent *Doski* might be read to the contrary, it is no longer controlling in view of *Mohasco* and *Oscar Mayer*.

**8.** A challenge to the Tenth Circuit's holding in *Smith* is now pending before the Supreme Court. *EEOC v. Commercial Office Products Co.*, 803 F.2d 581 (10th Cir.1986), *cert. granted*, — U.S. ——, 107 S.Ct. 3208, 96 L.Ed.2d 695 (1987).

cuits which have addressed analogous issues under the ADEA. *Anderson v. Illinois Tool Works, Inc.*, 753 F.2d 622 (7th Cir.1985); *Aronsen v. Crown Zellerbach*, 662 F.2d 584 (9th Cir.1981), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983); *Ciccone v. Textron, Inc.*, 651 F.2d 1 (1st Cir.), *cert. denied*, 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 420 (1981); *Goodman v. Heublein, Inc.*, 645 F.2d 127 (2d Cir.1981).

Further, our holding is consistent with the EEOC interpretation that claimants in deferral states are entitled to the extended 300-day period regardless of the timeliness of the filing of the charge under State or local law. 52 Fed.Reg. 10,224 (1987); *see also* former 29 C.F.R. § 1601.13(a)(3), 46 Fed.Reg. 43,037 (1981). "The administrative interpretation of the Act by the enforcing agency is entitled to great deference." *Griggs v. Duke Power Co.*, 401 U.S. 424, 433–34, 91 S.Ct. 849, 854–55, 28 L.Ed.2d 158 (1971).

### IV.

Subsections (c) and (e) only require that a claimant in a deferral state file with the appropriate state agency. They do not require that a claimant file within the alloted time required by state law. Although a failure to timely file with the state agency may preclude the claimant from receiving any relief from that proceeding, "state procedural defaults cannot foreclose federal relief and ... state limitations periods cannot govern the efficacy of the federal remedy." *Oscar Mayer*, 441 U.S. at 762, 99 S.Ct. at 2074. As the Court stated: "Congress could not have intended to consign federal lawsuits to the 'vagaries of diverse state limitations statutes.'" *Id.* at 763, 99 S.Ct. at 2075 (quoting *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 371, 97 S.Ct. 2447, 2457, 53 L.Ed.2d 402 (1977)).

Accordingly, we reverse the grant of summary judgment in favor of Hansa Products. The case is remanded to the district court for reinstatement of the action and further proceedings consistent with this opinion.

*REVERSED and REMANDED.*