**Virginia L. CORNELL, Plaintiff,**

v.

**GENERAL ELECTRIC PLASTICS, a corporation, Defendant.**

No. 6:93–0901.

United States District Court, S.D. West Virginia, Parkersburg Division.

May 24, 1994.

---

William L. Jacobs, Parkersburg, WV, for plaintiff.

William E. Robinson, Robinson & McElwee, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Motion for Summary Judgment of the Defendant, General Electric Plastics. Plaintiff has filed a response[1] to the motion and the Defendant has filed a reply; the motion is now ripe for adjudication.

### I.

### FACTS

Plaintiff filed her complaint in the Circuit Court of Wood County, West Virginia on September 9, 1993, complaining she had been discharged from her employment with the Defendant "due solely and exclusively to sexual discrimination on the part of the Defendant corporation in violation of federal and state laws governing such matters." Defendant then removed the action to this Court pursuant to 28 U.S.C. § 1331 and 1332.[2] Defendant filed its motion for summary judgment and supporting documents on March 21, 1994, contending Plaintiff fails to meet the jurisdictional requisites to sustain a federal claim of unlawful sexual discrimination,

---

1. The Court notes that responses are due within fourteen days of service a motion. Local Rule of Practice and Procedure 2.03. Defendant filed its motion for summary judgment on March 21, 1994. Plaintiff did not file her response until May 4, 1994.

2. Plaintiff maintains her action pursuant to, *inter alia*, 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq.* Defendant asserted there is complete diversity of citizenship between the parties and the amount in controversy exceeds $50,000.00.

and that Defendant is entitled to judgment as a matter of law under the state law claim. In response, Plaintiff has not argued any facts or law contrary to those cited by the Defendant, but has made a blanket denial of the Defendant's contentions.[3]

The uncontroverted facts from the record as supplied by the Defendant are as follows. Plaintiff was terminated from her employment of eighteen years on June 19, 1992. Defendant has submitted several exhibits showing written reports disciplining Plaintiff for poor work performance over the final ten years of her employment. The written reports document monetary losses to the employer due to industrial accidents for which the Plaintiff was responsible [4]; "horseplay" [5]; and absenteeism.[6] Prior to her termination, Plaintiff was placed on a one-day "decision making leave," for poor job performance. Defendant has submitted the affidavit of Plaintiff's supervisor, James Hackathorn, who stated he had received numerous complaints about Plaintiff's work performance from Plaintiff's co-workers.[7] Defendant has also presented deposition testimony from many of Plaintiff's co-workers suggesting Plaintiff's work performance was poor and that Defendant did not engage in discrimination of employees on the basis of sex.

Plaintiff has not presented or even argued any evidence to contradict the facts presented by the Defendant. There is nothing in the record suggesting Plaintiff was terminated for any reason other than poor job performance.

3. The Court notes that subsequent to the filing of the Defendant's motion for summary judgment, Plaintiff's counsel, William Jacobs, made a motion to withdraw from this case, claiming a "hopeless and irreconcilable conflict" has arisen between the Plaintiff and him. The Court ordered the Plaintiff to find new counsel within thirty days, but ordered Mr. Jacobs to remain in the case until new counsel is secured. Mr. Jacobs thereafter filed a response to Defendant's motion on Plaintiff's behalf.

Although Plaintiff's response to Defendant's motion is cursory, the Court is not relieved of its duty to determine whether judgment as a matter of law is warranted. " '[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to judgment as a matter

## II.

### FEDERAL CLAIMS

#### A.

█ Plaintiff's allegation that she was unlawfully terminated because of her gender under 42 U.S.C. § 1981 does not pass jurisdictional muster. Simply stated, 42 U.S.C. § 1981, although applicable to racial discrimination, does not apply to situations of sexual discrimination. *Runyon v. McCrary*, 427 U.S. 160, 167, 96 S.Ct. 2586, 2592, 49 L.Ed.2d 415 (1976); *Friedel v. City of Madison*, 832 F.2d 965, 967 n. 2 (7th Cir.1987); *Associated General Contractors of California, Inc. v. City and County of San Francisco*, 813 F.2d 922, 928 n. 11 (9th Cir.1987); *Love v. Alamance County Bd. of Ed.*, 581 F.Supp. 1079, 1091 n. 10 (M.D.N.C.1984), *aff'd*, 757 F.2d 1504 (4th Cir.1985); *Perdue v. Roy Stone Transfer Corp.*, 528 F.Supp. 177, 181 (W.D.Va.1981), *rev'd on other grounds*, 690 F.2d 1091 (4th Cir.1982); *Bailey v. Boilermakers Local 667 of Int. Brotherhood of Boilermakers*, 480 F.Supp. 274, 278–79 (N.D.W.Va.1979); *Briggs v. Brown & Williamson Tobacco Corp., Inc.*, 414 F.Supp. 371, 376 (E.D.Va.1976); *Raether v. Phillips*, 401 F.Supp. 1393, 1396 (W.D.Va.1975). Because Plaintiff has no cause of action pursuant to 42 U.S.C. § 1981, Defendant's motion for summary judgment in that regard is **GRANTED.**

#### B.

█ It also appears that Plaintiff has failed to meet the jurisdictional prerequisites

of law.' " *Thomas v. Shoney's Inc.*, 845 F.Supp. 388, 389 n. 3 (S.D.W.Va.1994) (Haden, C.J.), *citing Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993). *See Lovejoy v. Saldanha*, 838 F.Supp. 1120, 1121 n. 1 (S.D.W.Va.1993) (Haden, C.J.).

4. Defendant's Motion for Summary Judgment, Exhibits B, F, G, H, I, J, K.

5. Defendant's Motion for Summary Judgment, Exhibit C.

6. Defendant's Motion for Summary Judgment, Exhibits A and D.

7. Defendant's Motion for Summary Judgment, Exhibit L.

for filing an action under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Title VII prescribes that administrative remedies be unsuccessfully pursued before an action may be filed in federal district court. *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *Ang v. Proctor & Gamble Co.,* 932 F.2d 540, 545 (6th Cir.1991) ("In order for federal courts to have subject matter jurisdiction of Title VII claims, the claimant must first unsuccessfully pursue administrative relief."); *Equal Employment Opportunity Commission v. Hansa Products, Inc.,* 844 F.2d 191, 191–92 (4th Cir.1988) ("As a prerequisite to filing an employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e, *et seq.* (West 1981), an aggrieved employee must timely file a charge with the EEOC."); *Foster v. Gueory,* 655 F.2d 1319, 1321 (D.C.Cir.1981) ("It is well settled ... that a party seeking relief under Title VII must file timely charges of employment discrimination with the EEOC before that party may seek judicial relief."); *Ashworth v. Eastern Airlines, Inc.,* 389 F.Supp. 597, 598 (E.D.Va.1975). The administrative remedy that must be pursued depends on whether the forum state has available state remedies. Normally, a claimant must initially file a claim with the Equal Employment Opportunity Commission (EEOC). However, where the forum state makes available remedies for an employment practice prohibited under Title VII, the claimant must pursue the state remedy before filing a charge with the EEOC. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 101–02, 103 S.Ct. 2890, 2902, 77 L.Ed.2d 490 (1983) ("Title VII requires recourse to state administrative remedies. When an employment practice prohibited by Title VII is alleged to have occurred in a State or locality which prohibits the practice and has established an agency to enforce that prohibition, the ... (EEOC) refers the charges to the state agency. The EEOC may not actively process the charges 'before the expiration of sixty days after proceedings have been com-

menced under the State or local law, unless such proceedings have been earlier terminated.' § 706(c), 86 Stat. 104, 42 U.S.C. § 2000e–5(c).")." Only after pursuing the employment discrimination charge with the EEOC may a claimant file a Title VII action in federal district court. *Equal Employment Opportunity Commission v. Hansa Products, Inc., supra,* 844 F.2d at 191–92; *Perdue v. Roy Stone Transfer Corp., supra,* 528 F.Supp. at 180, *rev'd on other grounds,* 690 F.2d 1091 (4th Cir.1982) ("These statutory requirements are not mere technicalities which emphasize form over substance, but rather they require an aggrieved party to first file charges with the EEOC in an attempt to have the dispute resolved prior to litigation in the federal courts. *Alexander v. Gardner–Denver Co.,* 415 U.S. [36], 44, 94 S.Ct. [1011], 1017, [39 L.Ed.2d 147 (1974) ].").

■ In this case, the forum state, West Virginia, provides administrative remedies for the discrimination complained of by Plaintiff. W.Va.Code § 5–11–1, *et seq.* In West Virginia a complaint under the West Virginia Human Rights Act, W.Va.Code § 5–11–1, *et seq.,* may be filed either with the West Virginia Human Rights Commission or a local circuit court. *Syllabus* Point 1, *Price v. Boone County Ambulance Authority,* 175 W.Va. 676, 337 S.E.2d 913 (1985) ("A plaintiff may, as an alternative to filing a complaint with the Human Rights Commission, initiate an action in circuit court to enforce rights granted by the West Virginia Human Rights Act."). Plaintiff did not pursue administrative remedies, but instead filed this action in the Circuit Court of Wood County.

Because West Virginia is a so-called "deferral" state,[8] a charge must be filed with the EEOC within three-hundred days of the alleged unlawful employment practice. *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Equal Employment Opportunity Commission v. Hansa Products, Inc., supra,* 844 F.2d at 192, n. 2 ("To guarantee that federal rights will be preserved, a claimant in a deferral state must

---

**8.** "A deferral state is one 'which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief

from such practice.' 42 U.S.C.A. § 2000e–5(c)." *Equal Employment Opportunity Commission v. Hansa Products, Inc., supra,* 844 F.2d at 192, n. 1.

file within 240 days of the discriminatory act. A charge filed between 240 and 300 days after the discriminatory act may still be effectively filed within the extended period, if the state or local proceeding terminates within the period."). Plaintiff filed her complaint in the Circuit Court of Wood County on September 9, 1993, more than three-hundred days after her termination on June 19, 1992. She has not pursued administrative remedies with either the EEOC or the West Virginia Human Rights Commission; and in any event her complaint was untimely filed. The Court concludes Plaintiff has not preserved her federal rights under Title VII and Defendant's motion for summary judgment must be **GRANTED** in regard to that claim.

### III.

### STATE CLAIM

■ Plaintiff asserts a claim under the West Virginia Human Rights Act, W.Va. Code § 5–11–9 (1992),[9] which states, in pertinent part:

"It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification, or except where based upon applicable security regulations established by the United States or the state of West Virginia or its agencies or political subdivisions: * * * (1) For any employer to discriminate against any individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required[.]"

Plaintiff claims in her complaint that she was terminated because she is female.

In order to make a mere *prima facie* case of employment discrimination under the West Virginia Human Rights Act, a plaintiff must satisfy the three-step test enunciated by the West Virginia Supreme Court of Appeals in *Syllabus* Point 3 of *Conaway v. Eastern Associated Coal Corporation*, 178 W.Va. 164, 358 S.E.2d 423 (1986):

"In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W.Va.Code § 5–11–1 et seq. (1979), the plaintiff must offer proof of the following:

(1) That the plaintiff is a member of a protected class.

(2) That the employer made an adverse decision concerning the plaintiff.

(3) But for the plaintiff's protected status, the adverse decision would not have been made."

*Accord, Syllabus* Point 2, *Dawson v. Allstate Ins. Co.*, 189 W.Va. 557, 433 S.E.2d 268 (1993) (*per curiam*). *See Southern v. Emery Worldwide*, 788 F.Supp. 894, 897 (S.D.W.Va.1992) (Haden, C.J.).

The standard used to determine whether a motion for summary judgment should be granted or denied was recently stated by our Court of Appeals as follows:

"A moving party is entitled to summary judgment 'if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.Pro. 56(c). *See Charbonnages de France v. Smith*, 597 F.2d 406 (4th Cir.1979).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986). In considering a motion for summary judgement, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at 255 [106 S.Ct. at 2513–14]. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied*, [498 U.S. 1109] 111 S.Ct. 1018 [112 L.Ed.2d 1100] (1991). The party seeking summary judgment has the initial burden

---

**9.** Plaintiff's claim under West Virginia law was timely filed. Claimants filing claims under the West Virginia Human Rights Act have two years from the date of termination to file their complaint. *Syllabus* Point 1, *McCourt v. Oneida Coal Co., Inc.*, 188 W.Va. 647, 425 S.E.2d 602 (1992). Plaintiff has met this criteria.

to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 [106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265] (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. *Anderson,* 477 U.S. at 248 [106 S.Ct. at 2510]. A mere scintilla of evidence supporting the case is insufficient. *Id."* *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994).

*Accord Thomas v. Shoney's Inc., supra,* 845 F.Supp. at 389-90.

It is clear, and Defendant admits, that Plaintiff satisfies the first two prongs of the *prima facie* test. As a female, she is a member of a protected class. By terminating her employment, the Defendant employer has made a decision adverse to the Plaintiff.

Turning to the third prong of the test, however, the Plaintiff is unable to withstand the Defendant's motion for summary judgment. Defendant has submitted substantial evidence suggesting Plaintiff was terminated because of her poor work performance. In contrast, Plaintiff has submitted no evidence contradicting the Defendant's assertions. Thus, because she has submitted no factual evidence to buttress the bald assertion in her complaint that she was terminated because of her gender, the Court **GRANTS** Defendant's motion for summary judgment.

## IV.

### CONCLUSION

Based upon the foregoing, the Defendant's motion for summary judgment is **GRANT-ED.** This case is therefore **ORDERED** stricken from the docket of the Court.