Pamela CAPPS, Plaintiff,

v.

CITY OF LYNCHBURG and Lynchburg School Board, Defendants.

No. Civ.A. 6:990CV0048.

United States District Court,
W.D. Virginia,
Lynchburg Division.

Aug. 12, 1999.

Mary V. Barney, Law Office of Alexander W. Bell, Lynchburg, VA, Alexander Wayne Bell, Law Office of Alexander W. Bell, Lynchburg, VA, Walter C. Erwin, III, City of Lynchburg, Lynchburg, VA, for the City of Lynchburg.

Mary Ellen McGowan, Siciliano, Ellis, Dyer & Boccarosse, Fairfax, VA, for the Lynchburg School Board.

Harrison Benjamin Wilson, III, Richmond, VA, for Pamela Capps.

### MEMORANDUM OPINION
MOON, District Judge.

Pamela Capps filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that she was wrongfully discharged by defendants[1] as the result of racial discrimination. Defendant Lynchburg School Board filed a motion to dismiss for lack of jurisdiction

---

1. Plaintiff filed a motion for voluntary dismissal of defendant City of Lynchburg pursuant to F.R.C.P. 41. The Court has granted plaintiff's motion. Therefore, the only defendant remaining is the Lynchburg School Board.

pursuant to Fed.R.Civ.P. 12(b)(1), as well as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Alternatively, defendant moves the court for summary judgment under Rule 56. For the reasons set forth below, defendant's motions are DENIED.

## I. BACKGROUND

Pamela Capps, an African–American woman, taught pre-kindergarten classes in the Lynchburg School System. Ms. Capps alleges that she was terminated from her job on June 10, 1998 as the culmination of harassment and discrimination against her by the Lynchburg School Board. Specifically, she asserts that she was "discharged in retaliation for her participation in informing the School Board of the City of Lynchburg of shortcomings in the public school system and informing them about discrimination that existed in the public school system." Plaintiff's Complaint, ¶ 3. Ms. Capps puts forth a number of instances which she claims illustrates how her rights were violated under Title VII. She alleges that when she complained to her principal, Darnella Cunningham, about the unprofessional behavior of her teaching assistant, Ms. Capps was harassed and reprimanded for filing such grievances. Another example involved the reporting of an alleged child abuse case to the School Board. Ms. Capps asserts that the Board was displeased with her "washing this dirty linen" in public and again reprimanded her for doing so. Plaintiff's Complaint, ¶ 11. Ms. Capps asserts that as retaliation for complaining to the principal and the Board, she was placed on a Plan of Assistance, which is Lynchburg City School's personnel action for assisting employees in working through potential problems in the workplace. Ms. Capps alleges that a disproportionate number of African–American teachers are placed on a Plan of Assistance and a disproportionate number then subsequently fail to successfully complete the Plan. She also contends that she was purposefully "blackballed" from successful interaction with other teachers and was denied possible promotions or advancement due to the School Board's discriminatory actions.

Ms. Capps timely filed a complaint with the EEOC and received a right-to-sue letter. She promptly initiated this action seeking redress for injuries as a result of alleged violations under Title VII. In response to Ms. Capps' allegations, the School Board asserts that she was terminated for valid reasons, including a documented history of personnel problems in the Lynchburg City School system. Defendant filed a motion to dismiss the action under Rule 12 for both lack of jurisdiction and for failure to state a claim, or in the alternative, for summary judgment under Rule 56.

## II. DISCUSSION

A. Rule 12(b)(1)

Defendant seeks a dismissal for lack of subject matter jurisdiction due to plaintiff's alleged failure to pursue state enforcement proceedings under state law with the Virginia Council on Human Rights (VCHR), which is charged with administering the provisions of the Virginia Human Rights Act, Va.Code § 2.1–714 *et seq.* Defendant's motion is based on an unpublished opinion by the Fourth Circuit Court of Appeals which held that a plaintiff had not properly pursued her state claims to satisfy the requirements of Title VII, 42 U.S.C. § 2000e *et seq. Dodge v. Philip Morris, Inc.,* 1999 WL 162955 (4th Cir.1999) (unpublished).

The provision of Title VII which is at issue in this case states in pertinent part

> [i]n the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice ... **no charge may**

be filed ... by the person aggrieved **before the expiration of sixty days after proceedings have been commenced under the State or local law,** unless such proceedings have been earlier terminated ... If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.

42 U.S.C. § 2000e–5(c) (emphasis added). Thus, a plaintiff is required to exhaust administrative and state remedies prior to filing an action in federal court. Typically, a plaintiff litigating a claim under Title VII has 180 days from the time of the aggrieved action in which to file a complaint with the EEOC. 42 U.S.C. § 2000e–5(e). Once the EEOC issues a right-to-sue letter, the plaintiff may then file suit in federal court. If, however, the plaintiff resides in a "deferral state" within the meaning of 42 U.S.C. § 2000e–5(c), the plaintiff will have 300 days in which to commence proceedings under the appropriate state or local law. *See Davis v. North Carolina Dep't of Correction,* 48 F.3d 134, 137–40 (4th Cir.1995) (stating that § 2000e–5 requires plaintiff to commence proceedings under state law before the EEOC can act upon federal discrimination claims). A "deferral state" is one which has a state or local law "prohibiting the unlawful employment practice alleged" and a state agency authorized "to grant or seek relief" from the practice. *Id.; EEOC v. Hansa Prod-*

ucts, *Inc.,* 844 F.2d 191, 192 n. 1 (4th Cir.1988).

■ Virginia is such a "deferral state" and the Virginia Council on Human Rights is a "deferral" agency within the meaning of the statute with primary responsibility for enforcement of Title VII. *Tinsley v. First Union National Bank,* 155 F.3d 435 (4th Cir.1998); *EEOC v. Techalloy Maryland, Inc.,* 894 F.2d 676, 678 (4th Cir.1990). Although Virginia law does not create a specific cause of action for racial discrimination, the Virginia Human Rights Act (VHRA)[2] broadly prohibits discriminatory employment practices and allows the VCHR to investigate claims of discrimination, bringing it within the parameters of § 2000e–5(c). *Tinsley,* 155 F.3d at 440.

■ Thus, for this Court to possess subject matter jurisdiction over Ms. Capp's complaint, she must have filed a discrimination claim with the Virginia Council on Human Rights (the appropriate state agency) alleging discrimination under the Virginia Human Rights Act (state law). While it is clear that Ms. Capps may file with the appropriate state agency either directly or through the EEOC, it is unclear what additional steps, if any, she must take to fulfill the requirement that she commence proceedings "under State or local law" as required by § 2000e–5(c). Therefore the first question to answer is what procedure Ms. Capps needs to follow to ensure her claim is filed with a state agency. The next inquiry is what additional action, if any, she must take to ensure that she commences proceedings under state law.

The Fourth Circuit has recognized that filing with the VCHR can be accomplished at the same time a claimant files an action

---

2. The VHRA provides in pertinent part that
It is the policy of the Commonwealth of Virginia [t]o safeguard all individuals within the Commonwealth from unlawful discrimination because of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status or disability ... in employment. Va. Code § 2.1–715.

Conduct which violates any Virginia or federal statute or regulation governing discrimination on the basis of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, or disability shall be an "unlawful discriminatory practice" for the purposes of this chapter. Va.Code § 2.1–716.

with the EEOC. *Tinsley,* 155 F.3d at 439. When a charge of discrimination is sent first to the EEOC instead of the state deferral agency, the EEOC will refer the claim to the state agency. *Id.* This procedure is the product of a work-sharing agreement between the EEOC and the Virginia Council on Human Rights. 42 U.S.C. § 2000e–8(b). This worksharing agreement states in pertinent part the following:

I. Introduction

A. The Virginia Council on Human Rights, hereinafter referred to as the FEPA [Fair Employment Practice Agency], has jurisdiction over allegations of employment discrimination filed against employers ... within the State of Virginia based on race, color, religion, national origin, sex, age, marital status, and physical or mental disability, pursuant to the Virginia Human Rights Act ...

The Equal Employment Opportunity Commission ... has jurisdiction over allegations of employment discrimination occurring throughout the United States where such charges are based on race, color, religion, sex, or national origin, all pursuant to Title VII of the Civil Rights Act of 1964 ...

B. In recognition of, and to the extent of the common jurisdiction and goals of the two (2) Agencies, and in consideration of the mutual promises and covenants contained herein, the FEPA and the EEOC hereby agree to the terms of this Worksharing Agreement, which is designed to provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate State of Virginia and Federal laws.

II. Filing of Charges of Discrimination

A. In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both EEOC and the FEPA for purposes of ... Title VII.

Worksharing Agreement Between Virginia Council on Human Rights and Equal Employment Opportunity Commission for Fiscal year 1998.

Capps filed her complaint with the EEOC on November 18, 1998. On the EEOC form, Capps provided a short and plain statement of the facts of her case as required to file a claim with the VCHR, concluding with the statement that she "was subject to discrimination (harassment, disciplined, discharged) because of my race (Black) and in retaliation ..." EEOC Form 5 (Rev.06/92), filed 11/18/98; *see also* 22 VAC 25–10–20 (2/1/99). At the bottom of the form, Capps checked the box located next to the following statement: "I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures." *Id.* It is apparent that Capps sufficiently filed her complaint with the appropriate state agency. *Tinsley,* 155 F.3d at 439. Therefore, the next inquiry is whether this unitary filing fulfills the requirement that she commence proceedings "under the State or local law" and meets the criteria for filing a claim in a deferral state as promulgated by § 2000e–5(c).

The Fourth Circuit has held that Title VII requires a plaintiff to exhaust available state law remedies under the Virginia Human Rights Act with the VCHR, but it has refrained from addressing whether a single charge filed with the EEOC satisfies the requirement that plaintiffs commence proceedings under state law. *Dodge v. Philip Morris, Inc.,* 1999 WL 162955 (4th

Cir.1999) (unpublished). Moreover, this Court recognizes that a number of opinions have recently been issued which address this matter in varying degrees. *See Walker v. Electrolux Corporation,* 55 F.Supp.2d 501 (W.D.Va.1999) (holding that plaintiff had no jurisdiction in federal court because she failed to allege a state law claim, but failing to discuss pleading requirement to set forth charge of discrimination); *Harris v. The TJX Companies, Inc.,* 60 F.Supp.2d 562 (W.D.Va.1999) (holding that ADA plaintiff had exhausted state remedies under § 2000e–5(c) where EEOC transmitted charge to VCHR pursuant to the worksharing agreement and VCHR declined to investigate); *Grimes v. Canadian American Transportation, C.A.T., Inc.,* 72 F.Supp.2d 629 (W.D.Va. 1999) (holding that jurisdiction in federal court is proper where plaintiff filed claim of sexual harassment with EEOC and checked appropriate box for state agency to investigate and VCHR declined).

Defendant asserts that Ms. Capps must specifically allege a violation of Virginia law in her EEOC complaint and that merely filing a Title VII claim with the EEOC is not enough to exhaust her remedies under state law. However, this Court finds that to require more would eliminate all meaning behind the worksharing agreement between the EEOC and the VCHR and create a new burden on plaintiffs where none had previously existed. The worksharing agreement contemplates that the VCHR may waive its right of exclusive jurisdiction and allow the EEOC to proceed on investigating the complaint. Worksharing Agreement, ¶ III–A–1. As noted in *Grimes,* "[t]his provision clearly contemplates that the VCHR deems a charge filed with it when it is filed with the EEOC." *Grimes,* 72 F.Supp.2d at 632; *see also EEOC v. Commercial Office Products Co.,* 803 F.2d 581, 586 (10th Cir.1986) (stating that filing a complaint with the EEOC constitutes an initial filing with the appropriate state agency in deferral states).

The worksharing agreement states that the VCHR has jurisdiction over employment discrimination occurring within the State of Virginia and that this grant of jurisdiction is pursuant to the Virginia Human Rights Act. Worksharing Agreement, ¶ I–A. What is missing from this agreement, as well as from the VHRA and Title VII, is any mandate that a plaintiff must specifically allege the Virginia state code section which applies to discrimination. In the notice pleading environment of the federal system, all that is needed is an identification of the discrimination and facts sufficient to support the Title VII violation. Fed.R.Civ.P. 8. Ms. Capps' EEOC charge clearly states that she believed she was discriminated against based on her race due to certain actions that occurred in her workplace, culminating in her dismissal. Likewise, the VHRA only requires "a written statement by a person ... alleging an act of discrimination prohibited by § 2.1–716 of the Code of Virginia." 22 VAC 25–10–20. Ms. Capps' allegations, if true, would provide a claim upon which relief could be granted pursuant to the VHRA. *See* Va.Code § 2.1–715 (stating that "[i]t is the policy of ... Virginia [t]o safeguard all individuals within the Commonwealth from unlawful discrimination because of race ...."). The VHRA does not require a claimant to do anything more than make an allegation of discrimination. 22 VAC 25–10–20.

As previously mentioned, defendants rely on the Fourth Circuit's opinion in *Dodge v. Philip Morris, Inc.* to stand for the proposition that a unitary filing with the EEOC is not enough to bring a plaintiff's discrimination claim within the parameters set by § 2000e–5(c). That case, however, can be distinguished from the case at hand because the plaintiff in *Dodge* failed to check *any* box on the EEOC form. 1999 WL 162955, at *1. Therefore, even if *Dodge* were a published opinion, it would not control this case because the plaintiff failed to take the requisite steps

594

to contact the appropriate state agency to commence proceedings under state law and the case would be dismissed for lack of jurisdiction. That is not the situation in Ms. Capps' case.

She filed her EEOC charge on November 18, 1998, spelling out her complaint as well as checking the appropriate box to allow the EEOC to transfer the case to the VCHR. Ms. Capps then received a right-to-sue letter on March 17, 1999, after both the EEOC and the VCHR had an opportunity to investigate the charges. This procedure is all that is required of claimants. Once she checks the box to transfer the case to the VCHR, the VCHR may accept and investigate the complaint. 22 VAC 25, Refs & Annos. (Feb. 1, 1999). Upon investigation, the VCHR may attempt to resolve the complaint through conciliation efforts, or it may refer unsolved complaints to the federal agency with jurisdiction over the complaint. *Id.* In this case, the EEOC was the federal agency which investigated the complaint and ultimately decided to issue a right-to-sue letter to Ms. Capps. As noted by the Supreme Court in *Love v. Pullman Co.,* there is nothing in Title VII to suggest "that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself, nor is there any requirement that the complaint to the state agency be made in writing rather than by ... referral." 404 U.S. 522, 525, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

Therefore, this Court holds that upon filing with the EEOC and checking the box to refer the claim to the appropriate state agency, Ms. Capps met her burden under 42 U.S.C. § 2000e-5(c). This Court is persuaded that Ms. Capps has fulfilled all requirements under Virginia law to initiate and prosecute her complaint under state proceedings. Defendant's motion to dismiss for lack of jurisdiction is DENIED.

B. Other Pending Motions

Finally, in response to defendant's Rule 12(b)(6) motion for failure to state a claim,

plaintiff filed a motion to amend her complaint. The Court will GRANT plaintiff's motion and grant her 14 days from the date of the Order and Memorandum Opinion to file an amended complaint. Consequently, the Court will DENY defendant's motion for summary judgment at this time.

The Clerk of the Court is directed to send a copy of this Order to all parties and counsel of record.

*ORDER*

Pamela Capps filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* alleging that she was wrongfully discharged by defendants as the result of racial discrimination. Defendant Lynchburg School Board filed a motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), as well as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Alternatively, defendant moves the court for summary judgment under Rule 56. For the reasons set forth in the attached Memorandum Opinion, defendant's motions are DENIED.