Gina WALKER, Plaintiff,

v.

ELECTROLUX CORPORATION, Defendant.

No. Civ.A. 96–0201–A.

United States District Court, W.D. Virginia, Abingdon Division.

June 9, 1999.

Bernard S. Via, III, Bristol, VA, for plaintiff.

W. Challen Walling, Bristol, VA, for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

### I. Facts and Procedural History

Plaintiff Gina Walker claims that her employer, Electrolux, has discriminated

against her on the basis of her gender as well as on the basis of a disability. She filed claims with the Equal Employment Opportunity Commission ("EEOC") which alleged that Electrolux, through its employment practices, had violated the provisions of both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* At the time of filing, Walker indicated that she also wished the claims to be filed with the appropriate state agency, in this case the Virginia Council on Human Rights ("VCHR"). The EEOC issued right-to-sue letters to Walker, whereupon Walker initiated this action.

Electrolux argues that this court lacks subject matter jurisdiction in this case, because Walker has not exhausted the remedies available to her under state law as mandated by 42 U.S.C. § 2000e-5(c).[1] Thus, according to Electrolux, the right-to-sue letters were improperly issued, and Walker may not proceed in this action in federal court. Electrolux has moved the court to dismiss the case for this reason pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2] Walker counters by arguing that Virginia law provides no cause of action for discrimination on the basis of sex, and thus there can be no requirement that she exhaust a state remedy. Alternatively, she argues that the filing of her federal claims with the state agency satisfies any requirement that she first proceed under state law.

## II. Law and Discussion

A "deferral state" within the meaning of Title VII is a state which has a state or local law "prohibiting the unlawful employment practice alleged" and a state agency authorized "to grant or seek relief" from the practice. 42 U.S.C. § 2000e-5(c); *E.E.O.C. v. Hansa Products, Inc.*, 844 F.2d 191, 192 n. 1 (4th Cir.1988). In *Tinsley v. First Union Nat'l. Bank*, 155 F.3d 435 (4th Cir.1998), a case concerning a claim of retaliatory discharge, the Fourth Circuit held that Virginia was a "deferral state" within the meaning of Title VII. *Id.* at 440.

In order to proceed with an employment discrimination claim in a deferral state, one must first file a claim of discrimination under the appropriate state law, *Davis v. North Carolina Dept. of Correction*, 48 F.3d 134, 137 (4th Cir.1995), with the state deferral agency, *Tinsley*, 155 F.3d at 439. Failure to do so amounts to failure to exhaust one's state remedies, and this failure deprives a federal court of subject matter jurisdiction over the claim. *Tinsley*, 155 F.3d at 439; *Davis*, 48 F.3d at 136-37.

Although Walker admits that "Virginia is a deferral [state] recognized by the Fourth Circuit," (Pl.'s Memo. in Opp. to Motion to Dismiss at 2), she seems to argue that Virginia is not a deferral state, or at least that deferral state procedures do not apply, with regard to a claim of sex discrimination. She bases this argument on the notion that there is no Virginia law which provides a cause of action for sex discrimination, and thus there is no need to advance a claim under a "phantom" state law. The court agrees that there is no such law, but disagrees that this is the proper inquiry. The question, according to the plain language of 42 U.S.C. § 2000e-5(c), is whether the state has a

---

1. The provisions of 42 U.S.C. § 2000e-5(c) apply to claims under the ADA as well as to Title VII claims. 42 U.S.C. § 12117(a).

2. Electrolux has submitted an affidavit along with its Motion, and has requested that the court convert the Motion to Dismiss into a Motion for Summary Judgment. However, the Federal Rules of Civil Procedure allow for the conversion of a Motion to Dismiss into a Motion for Summary Judgment only when the Motion to Dismiss is based on a failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). The instant Motion, based on a lack of subject matter jurisdiction, is brought pursuant to Rule 12(b)(1). The court will continue to treat the Defendant's Motion as a Motion to Dismiss, and as such relies only on the pleadings submitted thus far.

law "prohibiting" discrimination, not whether there is a law which provides for an award of money damages. Virginia has a law of the former variety.

Virginia Code Ann. § 2.1–715 provides in pertinent part that "[i]t is the policy of the Commonwealth of Virginia ... [t]o safeguard all individuals within the Commonwealth from unlawful discrimination because of ... sex...." A subsequent statute defines an "unlawful discriminatory practice" in pertinent part as "[c]onduct which violates any Virginia or federal statute or regulation governing discrimination on the basis of ... sex...." Va.Code Ann. § 2.1–716. In accordance with these policies, the VCHR is empowered to "receive, investigate, seek to conciliate, refer to another agency, hold hearings ... and make findings and recommendations upon complaints alleging unlawful discrimination." Va.Code Ann. § 2.1–720.

■ Walker argues that § 2.1–715 is merely a "procedural" statute and does not amount to a "substantive prohibition" of sex discrimination. The Fourth Circuit's decision in *Tinsley* persuades the court otherwise. It is clear that a state can achieve "deferral state" status as long as there is some state-law mechanism by which the state agency can address a problem of discrimination. The ability of the state agency to intercede between employer and employee, if only for the purpose of counseling or to facilitate voluntary negotiation, is such a mechanism. *See Tinsley,* 155 F.3d at 440; *Davis,* 48 F.3d at 138–39.

In light of the statutes previously discussed, the court must conclude that Virginia law does not allow, and, ergo, prohibits, discrimination on the basis of sex. The court cannot agree with the Plaintiff's contention that under Virginia law, "it is legal to discriminate on the basis of gender." Pl.'s Memo. in Opp. to Motion to Dismiss at 3. The plain language of Va.Code § 2.1–716 to the effect that such conduct is "unlawful" disproves such a notion. Further, given the fact that the VHCR is empowered to hold hearings and seek to concili-ate claims of sex discrimination in the workplace, the court must conclude that that agency can "seek relief" from an unlawful employment practice such as discrimination on the basis of sex within the meaning of 42 U.S.C. § 2000e–5(c). *See Tinsley,* 155 F.3d at 440 (holding that power to seek redress through voluntary conciliation between employer and employee is power to seek relief within meaning of federal scheme). It is true that Va.Code Ann. § 2.1–715 is couched in terms of a broad policy rather than a grant of a cause of action. Nevertheless, § 2.1–715 provides the method through which the state agency may act pursuant to state law, and sets out the goals the agency should seek.

This court does not pass on Plaintiff's contention that the remedy offered by Virginia law provides little substantive relief to one claiming discrimination on the basis of sex. It is not the duty of the court in this case to decide whether the state remedy is "good enough." The Fourth Circuit has held that "[a] state such as Virginia may rationally decide that it wants all employment discrimination claims to be deferred to an agency that will do no more than attempt voluntary conciliation before the EEOC begins an adversary proceeding." *Tinsley,* 155 F.3d at 440. Plaintiff's concern that her remedies under state law are inadequate is one that must be taken up with the Virginia legislature. This court holds only that under federal law, she is not free to disregard those remedies.

Having concluded that the requirements for filing in a deferral state apply here, the court must now determine whether Walker has followed the procedure. Specifically, the question is whether she has commenced proceedings under state law with the state deferral agency pursuant to 42 U.S.C. § 2000e–5(c).

■ This is a two-part question. *See Davis,* 48 F.3d at 137. Walker has satisfied the requirement that she file with the state agency by virtue of the fact that she indicated on the EEOC forms that she

wished the claim to be forwarded to the VCHR. *See Tinsley,* 155 F.3d at 439 (holding that referral by the EEOC to VCHR pursuant to agreement between the two agencies satisfies requirement that plaintiff file with state agency). This case boils down to whether Walker has satisfied the requirement that she initiate proceedings under state law as mandated by 42 U.S.C.§ 2000e–5(c). The court holds that she has not.

The Amended Complaint shows that Walker has alleged only claims under Title VII and the ADA. Walker admits as much. (Pl.'s Memo. in Opp. to Motion to Dismiss at 2–5.) By failing to allege a violation of state law, she does not allow the VCHR to attempt to solve her problem through the mechanism set up by the state of Virginia. While it is true that the VCHR has the power to investigate violations of federal law, see Va.Code Ann. §§ 2.1–715, 716 and 720, this does not relieve a plaintiff of the requirement that he or she commence proceedings under state law. *Davis,* 48 F.3d at 137. Walker's filing of her federal claims with the VCHR does not equate to the filing of a state law claim with the state agency. *Id.*

III. Conclusion

For the reasons set out above, the court holds that it does not have subject matter jurisdiction over this case. The Plaintiff has not satisfied the requirements for the prosecution of her claim in federal court. Accordingly, the case is DISMISSED pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### ORDER

In accordance with the Memorandum Opinion of even date issued in the above-styled case, it is hereby ORDERED and ADJUDGED that the Defendant's Motion to Dismiss is GRANTED. This case is to be stricken from the docket of the court.