**Steven O. HARRIS, Plaintiff,**

v.

**The TJX COMPANIES, INC., Defendant.**

**No. 5:98CV0094.**

United States District Court, W.D. Virginia, Harrisonburg Division.

June 28, 1999.

**563**

Thomas H. Oxenham, III, Chandler, Franklin & O'Bryan, Charlottesville, VA, for plaintiff.

Peter B. Vaden, Charlottesville, VA, for defendant.

*MEMORANDUM OPINION*

CRIGLER, United States Magistrate Judge.

Steven Harris has filed this action under the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, alleging that his employer, The TJX Companies, Inc. (TJX), discriminated against him because he suffers a physical impairment which substantially limits his major life activities. After answering the complaint and commencing initial pretrial discovery, on May 28, 1999 TJX moved to dismiss the complaint on the ground that the court lacks subject matter jurisdiction. Particularly, TJX contends that, under 42 U.S.C. § 2000e–5(c), plaintiff did not properly pursue state enforcement proceedings with the Virginia Council on Human Rights (VCHR), which is charged with adminis-

tering the provisions of the Virginia Human Rights Act, VaCode Ann. § 2.1–714 *et seq*, before commencing the proceedings in the EEOC. Therefore, defendant believes the Equal Employment Opportunity Commission (EEOC) was without authority either to adjudicate or decline to adjudicate the charges and issue a right to sue. If all administrative remedies have not been exhausted, both state and federal, defendant assert that the court is without subject matter jurisdiction to hear the case. Of course, plaintiff disagrees.

In *Tinsley v. First Union National Bank*, 155 F.3d 435 (4th Cir.1998), the Court of Appeals for the Fourth Circuit held that the VCHR constitutes a "state deferral agency" under 42 U.S.C. § 2000e–5 for purposes of applying the 300 day period of limitation set forth in 42 U.S.C. § 2000e–5(e)(1). In so holding, the court not only reversed the decision of the district court below, it swept away a line of cases decided by other trial courts in the Western District of Virginia holding that the VCHR was not a deferral agency under the statute. *See Dorsey v. Duff's Motel, Inc.*, 878 F.Supp. 869 (W.D.Va.1995); *Tokuta v. James Madison University*, 977 F.Supp. 763 (W.D.Va.1997), *rev'd* 166 F.3d 334 (Tables), 1998 WL 811787 (4th Cir. 1998); *McGuire v. Commonwealth of Virginia*, 988 F.Supp. 980 (W.D.Va.1997). As recognized by the *Tokuta* panel, *Tinsley* even conflicted with its own prior, though unpublished, decisional authority. *See Childress v. Appalachian Power Co.*, No. 97–2057, 1998 WL 417278 (4th Cir. unpublished per curiam, July 21, 1998).

It is in this atmosphere that the Court of Appeals addressed the very jurisdictional issue raised this court, although in an unpublished decision. *Dodge v. Philip Morris, Incorporated*, 175 F.3d 1014 (Tables), 1999 WL 162955 (4th Cir. March 25, 1999). There, the court held that Title VII requires a claimant to exhaust available state law remedies under the Virginia Human Rights Act with the VCHR before the EEOC has jurisdiction to act upon the federal discrimination claims, and it con-

cluded that the claimant's failure to either request or pursue the deferral agency process deprived the EEOC of the authority to issue its right to sue letter, in turn depriving the court of subject matter jurisdiction over the case. *See also Davis v. North Carolina Dep't of Correction*, 48 F.3d 134 (4th Cir.1995). Nevertheless, the court refrained from answering the question of whether a unitary charge filed with the EEOC satisfied the requirement of commencing state proceedings with the deferral agency under other circumstances.

That question was addressed by the Hon. Glen M. Williams, Senior United States District Judge, in *Walker v. Electrolux Corporation*, 55 F.Supp.2d 501 (W.D.Va.1999). There, the court held that the unitary filing with the EEOC, itself, was not sufficient to either set forth a separate state law charge under the VHRA or to constitute the initiation of proceedings before the VCHR. As no other evidence concerning exhaustion of the state remedy was presented, plaintiff's employment discrimination action was dismissed for want of subject matter jurisdiction. However, *Walker* did not address the precise circumstances presented on the record before this court.

All essential facts in this case have been stipulated. Plaintiff initially filed his charge with the EEOC, and the appropriate boxes were marked on the charge form requesting consideration by a deferral agency. The charge actually was sent to the VCHR under a work-sharing agreement, but by action dated June 23, 1998, the agency issued a document informing the parties that it declined to initially investigate the charge, which, by the way, is the primary function of the VCHR under the VHRA.[1] In declining to investigate, the VCHR recommitted the case to the EEOC with a notation that "this charge is to be

initially investigated by the EEOC." See, Charge Transmittal attached as Appendix 1. It is further stipulated that on November 10, 1998, the EEOC then declined to adjudicate the charges and issued its "right to sue" letter.

Of course, this court is mindful of the policy against relying upon unpublished works of the Fourth Circuit as authority for decision-making, but there are several reasons *Dodge* is important to a decision here. While it applied *Tinsley*, as did *Tokuta*, it recognized the virtual Pandora's box of jurisdictional issues *Tinsley* opened, even if opening the box had been unintentional. Far be it for this court, however, to chart a course toward shutting the lid, though it does not escape this court's notice that but for *Tinsley*, there would have been no jurisdictional issue for the *Dodge* court to address. This is so because if the VCHR had not been held to be a deferral agency, as the decisional authority prior to *Tinsley* had held, there would be no state "relief" to exhaust before the EEOC properly could act.[2]

*Dodge* also is important because that court makes an effort to distinguish the exhaustion provisions of Title VII, which impact the subject matter jurisdiction of the federal courts, and the requirements for timely filings under the statute which are not jurisdictional. It is the former that occupied the attention of the Court of Appeals there and occupies the attention of this court.

Last, it is as important for what it does not decide as much as it is for what it does not determine. Clearly, the court held that where a state deferral remedy is available, but is bypassed either directly or because no claim for a state remedy has been set forth in the charge, the EEOC never is conferred authority to act on any charges before it, thus foreclosing federal

1. *See Tinsley*, 155 F.3d at 439, 440.

2. The parties have agreed, and this court concurs, that while a strict reading of 42 U.S.C. §§ 2000e–5(c) and (d) might lead a court to conclude that Congress did not specifically allow work-sharing arrangements, *Davis* interprets the statute in a way the recognizes the validity of such a practice under a work-sharing agreement where the charge is first filed with the EEOC which, in turn, refers the matter to the state agency for action. 48 F.3d at 136, 137.

jurisdiction for want of agency exhaustion. *Dodge* never addressed the effects of an actual determination by the state deferral agency, irrespective of whether the charge was drawn with sufficient technical precision that one reviewing can discern a distinct state law claim. Those are the circumstances present here. Plaintiff filed a unitary charge with the EEOC checking the appropriate box indicating a deferral request. A deferral under a work-sharing arrangement with the state agency was made by the EEOC. The state agency declined to pursue any remedy it had available to it, here to conduct an investigation of the matter, and recommitted the case back to the EEOC. In turn, the EEOC declined to adjudicate the merits, instead issuing a "right to sue" letter. All of this occurred in the absence of any allegation set forth in the charge separately seeking a state law remedy.

▬▬ It is this court's view that where the deferral agency actually receives the case through the work-sharing agreement and takes action on it, even by declining further investigation, and recommits the case to the EEOC for further action, exhaustion of state remedies has occurred. Because the EEOC then properly issued its "tight to sue" letter, this court possesses subject matter jurisdiction over the claims.[3]

An Order will enter denying defendant's May 28, 1999 motion to dismiss for lack of subject matter jurisdiction. Believing, however, that this decision involves a controlling issue of law over which reasonable judges may differ, and that an immediate appeal will significantly avoid a great deal of expense to the parties in pretrial litigation if decided by the Court of Appeals on an interlocutory basis, the court also will certify the court's interlocutory decision as appealable under 28 U.S.C. § 1292(b).

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

---

**3.** This court need not accept or reject defendant's contention at oral argument that plaintiff's EEOC charge fails to sufficiently allege violations of the VHRA for VCHR review. Nor will it address plaintiff's countervailing argument that such approach elevates form over substance in light of the work-sharing agreement between the jurisdictions. That was an issue confronting Judge Williams in *Walker*, and he was of the view that charge must separately set forth allegations to support a violation of the VHRA. This court believes that such requirement was satisfied in this case when the VCHR actually took action on the charge by declining to investigate and recommitting it to the EEOC for further action.

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Virginia Council On Human Rights
1100 Bank Street
12th Floor
Richmond, Virginia 23219

DATE _____ 06/17/98 _____

EEOC CHARGE __ 122980636 __

FEPA CHARGE _____

SUBJECT: CHARGE TRANSMITTAL

Harris, Steven O                    v. Marshall's
(Charging Party)                          (Respondent)

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC          [ ] _____ on __ 06/04/98 __
                        (Name of FEPA)                      (Date of Receipt)

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

  [ ] EEOC requests a waiver     [ ] FEPA waives

  [ ] No waiver requested     [ ] FEPA will investigate the charge initially

Please complete the bottom portion of this form to acknowledge receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.

| TYPED NAME OF EEOC OR FEPA DIRECTOR | SIGNATURE |
|---|---|
| Gloria L. Underwood | |

Harris, Steven O                    v. Marshall's
(Charging Party)                          (Respondent)

To whom it may concern:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initally investigate the charge

[X] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this agency's intention to dismiss/close/not docket the charge for the following reason:

| TYPED NAME OF EEOC OR FEPA DIRECTOR | SIGNATURE |
|---|---|
| Roxie Raines Kornegay | |

DATE ___ 6/23/98 ___

TO:    Richmond Area Office
3600 W. Broad Street
Room 229
Richmond, VA 23230

EEOC CHARGE __ 122980636 __

FEPA CHARGE _____

EEOC/EST FORM 212 (6/17/1989)