**Patricia PURYEAR, Plaintiff,**

v.

**COUNTY OF ROANOKE, Defendant.**

**No. CIV. A. 7:99CV00351.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 20, 1999.

---

Arthur Patrick Strickland, Jane Anne Harden, Arthur P. Strickland, P.C., roanoke, VA, for Plaintiff.

Jim H. Guynn, Jr., Guynn & Dillon, P.C., Roanoke, VA, Paul M. Mahoney, Roanoke County Attorney's Office, Roanoke, VA, for Defendant.

### MEMORANDUM OPINION

KISER, Senior District Judge.

Before me is a motion to dismiss brought by the defendant County of Roanoke ("Roanoke County") filed with this court on July 13, 1999. Roanoke County's motion asks me to dismiss claims by the plaintiff Patricia Puryear ("Puryear") which allege violations under Title VII of the Civil Rights Act ("Title VII") for discrimination on the basis of gender and retaliation, "*quid pro quo*" and "hostile environment" sexual harassment, and violations of the Age Discrimination in Employment Act ("ADEA"). Oral arguments were heard, ripening this motion for disposition. For the reasons listed below, I **DENY** defendant's motion. I also **CERTIFY** this decision for interlocutory appeal under 28 U.S.C. § 1292(b) and **STAY** further proceedings until the Fourth Circuit Court of Appeals addresses the issues presented by this case or any other case(s) turning on substantially similar issues, but for not more than ninety days.

### Factual and Procedural Summary

Puryear worked at the office of Real Estate Assessments of Roanoke County for roughly twenty-eight years. The employer is part of defendant Roanoke County. Her supervisors were John Birckhead and Charles Vaden, the Director and Assistant Director of that office, respectively.

On May 12, 1998, Puryear filed a written complaint with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and sexual harassment.[1] Roughly two weeks later, on June 1, 1998, Puryear filed a charge of discrimination with the EEOC on those same grounds. Puryear completed the EEOC-mandated charge of discrimination form with respect to her allegations on July 13 of that year. After Puryear elected to retire from her position on August 4, 1998—a decision allegedly compelled by continued retaliation—Puryear filed an amended EEOC-mandatory charge of discrimination form on August 19, 1998. On both EEOC forms Puryear checked the boxes denoting "sex" and "retaliation" as reasons for her charges of discrimination. On each EEOC form, immediately above Puryear's signature, reads:

---

1. On April 10, 1996, Puryear filed a charge with the EEOC complaining of discrimination in violation of the ADEA. According to Puryear, this filing yielded retaliatory actions from her employer. Pursuant to the April 10 charge the EEOC issued Puryear a right-to-sue letter in September 1996. Puryear did not pursue those rights.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

On July 20, 1998, the EEOC transmitted Puryear's charge to the Virginia Council on Human Rights ("VCHR"). On this charge transmission form the EEOC checked a box stating that "[p]ursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC." On July 28, 1998, the VCHR acknowledged the transmission on the bottom half of the charge transmissal form by checking a box next to the following: "This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge." Puryear received the EEOC's right-to-sue letter on February 19, 1999 and initiated this lawsuit on May 18, 1999. Roanoke County's present motion argues that this court lacks subject matter jurisdiction over Puryear's claims because Puryear's charges and complaint only allege federal law violations, which is insufficient to satisfy the requirement that a complainant exhaust administrative remedies by, *inter alia,* filing a state law claim with a state agency.

### *Legal Discussion*

In a July 28, 1999 order I denied a motion for summary judgment based on facts and grounds mirroring those argued by Roanoke County. I certified that case, *Grimes v. Canadian American Transport,* 72 F.Supp.2d 629 (W.D.Va.1999), for interlocutory appeal under 28 U.S.C. § 1292(b) on the same issue presented here; that is, I denied that employer's summary judgment motion because I ruled that the plaintiff successfully set forth a claim under state law in her discrimination charge filed with the EEOC by way of a worksharing agreement between the EEOC and the VCHR. In that same order, I noted that my decision rests on a controlling issue of law over which reasonable judges may differ and that an immediate interlocutory appeal would best serve the interests of judicial economy and avoid unnecessary expense to the parties.

I find the facts relevant to the instant motion virtually mirror those in *Grimes.* In comparison, Puryear's EEOC charge of discrimination form reads:

1. I was hired August 1, 1970 as a Clerk before progressing to the position of Office Supervisor & Land Use Coordinator. Previously, I filed an EEOC charge of discrimination against this employer on April 10, 1996. I received the EEOC results on October 1, 1996. On October 6, 1996, I was notified that my job title would be changed to Land Information Specialist effective November 1, 1996. My new job assignment stripped me of my supervisory duties and assigned me the less desirable task of land use inspection. Additionally, I have been subjected to sexual advances and offensive touching by my supervisor, Charles Vaden, Assistant Director of Real Estate. The most recent incident occurred on December 5, 1997. I filed a formal sexual harassment complaint on May 12, 1998. The sexual harassment complaint was investigated and I received the results on June 15, 1998, from Joe Sgroi, Human Resources Director. Currently, I am still employed as a Land Information Specialist.

2. No reasons were provided for my change in job status which I consider a demotion. Joe Sgroi, Human Resources Director, stated that the investigation of the sexual harassment complaint was inconclusive. No corrective action has been taken and I continue to be directly supervised by my harasser, Charles Vaden.

3. I incorporate herein as if fully set forth all allegations contained in my June 1, 1998 letter to the EEOC.

4. I believe that I was subject to retaliation (demotion) because I complained of a protected activity covered by the Age Discrimination in Employment Act of 1967, as amended, which is a violation of the subsection 4(d) of

the ADEA. I further believe that I was subjected to sexual harassment because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended. I further believe I have been constructively discharged on August 4, 1998, all in violation of Title VII of the Civil Rights Act of 1964 and the ADEA.

Because of the striking similarity in relevant facts, I adopt the reasons set forth in my July 28, 1999 order in the *Grimes* litigation as grounds for denying Roanoke County's motion.

Certification for interlocutory appeal is fitting when the substantive merit of the relevant legal question remains novel. The legal issue presented here bears this mark of novelty. I am aware that Judge Williams reached a different result in *Walker v. Electrolux Corp.*, 55 F.Supp.2d 501 (W.D.Va. 1999). *Walker* does not discuss the "pleading requirement" that a complainant must meet in setting forth a discrimination charge, but it seems the opinion would require citation to a specific section of the Virginia Code. I must respectfully disagree with this conclusion. I am also aware of Senior Judge Williams' decision in *Flippo v. American Home Products Corp.*, 59 F.Supp.2d 572 (E.D.Va. 1999), where the court held that the complainant successfully commenced state law proceedings by providing the EEOC with a written statement of the relevant facts and asked that her charge be forwarded to the VCHR. Judge Moon has also ruled as I do today, quoting *Grimes* in his recent decision.[2] *See Capps v. City of Lynchburg and Lynchburg School Board*, 67 F.Supp.2d 589 (W.D.Va. 1999). In light of this conflict of authority in the Western District of Virginia, I stay further proceedings in this lawsuit until the Fourth Circuit addresses the issue.

In conclusion, I find that this decision continues to involve a controlling issue of law over which reasonable judges may differ, and that an immediate appeal will best serve the interests of judicial economy and avoid unnecessary expense to the parties if decided by the Court of Appeals on an interlocutory basis. Accordingly, I hereby **DENY** the defendant's motion to dismiss and **CERTIFY** this decision for interlocutory appeal under 28 U.S.C. § 1292(b). Further proceedings are **STAYED** until the Fourth Circuit Court of Appeals addresses the issues presented by this case or any other case(s) turning on substantially similar issues, but for not more than ninety days.

An appropriate order shall issue.

---

2. United States Magistrate Judge Crigler has also recently addressed a variation on this theme in *Harris v. The TJX Companies, Inc.*, 60 F.Supp.2d 562 (W.D.Va. 1999). In that case, Judge Crigler decided that an ADA plaintiff had exhausted his state remedies under § 2000(e)–5(c) where the EEOC had transmitted the charge to the VCHR pursuant to the worksharing agreement and, as in the instant case, the VCHR had declined to investigate. Judge Crigler's decision, however, does not reach the issue of what the plaintiff is required to set forth in the EEOC charge in order to have properly pled a state claim.