**Larry Wayne NASH, Plaintiff**

v.

**D.S. NASH CONSTRUCTION COMPANY, Defendant.**

**No. CIV.A. 6:99CV00062.**

United States District Court, W.D. Virginia, Lynchburg Division.

Oct. 13, 1999.

Robert E. Evans—Lynchburg, Thomas L. Phillips, Jr., *Phillips & Morrison*—Rustburg, VA, for Plaintiff or Petitioner.

Amanda Rixse & Robert Bruce Wallace—Wilson, Elser, Moskowitz, Edelman & Dicker—Washington, D.C., for Defendant or Respondent.

## OPINION

MOON, District Judge.

Plaintiff Larry Wayne Nash filed this wrongful termination action under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* Defendant D.S. Nash Construction Company

filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because this Court has subject matter jurisdiction over plaintiff's claims, defendant's motion is DENIED.

## BACKGROUND

Plaintiff Larry Wayne Nash ("Mr. Nash") filed this action under the Americans with Disabilities Act of 1990 ("ADA"). Mr. Nash began his employment with the D.S. Nash Construction Company ("Nash Construction" or "the company") in 1976 as a project superintendent. In 1991, Mr. Nash suffered a serious back injury as a result of an on-the-job car accident, but despite his injury continued to work as project superintendent. In 1994, Mr. Nash had back surgery and returned to work approximately six weeks later. Mr. Nash had a second back surgery in 1995, but again returned to work approximately eight weeks afterward.

In February, 1996, Mr. Nash's primary treating physician completed a disability form setting forth physical activity restrictions because of the back injury and subsequent surgeries. Mr. Nash provided a copy of this disability form to Nash Construction but continued to work as project superintendent. However, on January 29, 1998, then company president Gray Nash told Mr. Nash that the company could no longer accommodate him. When Mr. Nash refused to resign, the company produced a project superintendent job description which was then sent to Mr. Nash's doctor. The company requested a report from the doctor on whether Mr. Nash could meet the job's physical demands based on the description. The doctor reaffirmed his earlier opinions concerning Mr. Nash's limitations, whereupon the company terminated Mr. Nash's employment in January, 1998.

On May 18, 1998, Mr. Nash filed an EEOC complaint alleging ADA violations.

With the assistance of an EEOC caseworker he completed a charge of discrimination using EEOC Form 5.[1] The charge included a sworn affidavit in which Mr. Nash alleged in detail the basis for his discrimination claim. At the bottom of the form was a box located next to the following statement: "I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures." Mr. Nash did not check the box at the bottom of the form.

Despite Mr. Nash's failure to check the box, the EEOC forwarded his claim to the Virginia Council on Human Rights ("VCHR") pursuant to a worksharing agreement between the VCHR and the EEOC. The VCHR acknowledged receipt of Mr. Nash's charge and indicated its intention to not initially investigate it. Subsequently, the EEOC issued to Mr. Nash a notice of right to sue.

Nash Construction now seeks to dismiss this case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In short, the company argues that this Court lacks subject matter jurisdiction to hear Mr. Nash's claim based on his failure to check the box at the bottom of the EEOC form and his failure to specifically allege a violation of state law. Because this Court does possess subject matter jurisdiction over Mr. Nash's claim, Nash Construction's motion is denied.

## ANALYSIS

Actions brought under the ADA fall within the procedures of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* *See* 42 U.S.C. § 12117. The provision of Title VII at issue in this case states in pertinent part that

[i]n the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which

1. Rev. 06/92.

has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice ... no charge may be filed ... by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated... If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.

42 U.S.C. § 2000e–5(c). Thus, a plaintiff is required to exhaust administrative remedies prior to bringing a lawsuit under Title VII. Additionally, if the plaintiff lives in what is known as a "deferral state," he will be required to exhaust any available state remedies. A "deferral state" is one which has a state or local law "prohibiting the unlawful employment practice alleged" and a state agency authorized "to grant or seek relief" from the practice. *See Davis v. North Carolina Dep't of Correction,* 48 F.3d 134, 137–40 (4th Cir.1995); *EEOC v. Hansa Products, Inc.,* 844 F.2d 191, 192 n. 1 (4th Cir.1988).

■ The Virginia Council on Human Rights is charged with administering the provisions of the Virginia Human Rights Act ("VHRA"), Va.Code § 2.1–714 *et seq.* Virginia is a "deferral state" and the Virginia Council on Human Rights is a "defer-

ral agency." *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435 (4th Cir.1998); *Capps v. City of Lynchburg,* 67 F.Supp.2d 589, 590 (W.D.Va.1999). Although Virginia law does not create a specific cause of action for disability discrimination, the VHRA[2] broadly prohibits discriminatory employment practices and allows the VCHR to investigate claims of discrimination, bringing it within the parameters of § 2000e–5(c). *Tinsley,* 155 F.3d at 440. Thus, for this Court to possess subject matter jurisdiction over Mr. Nash's complaint, he must have filed a discrimination claim with the Virginia Council on Human Rights (the appropriate state agency) alleging discrimination under the Virginia Human Rights Act (state law).

The Fourth Circuit has recognized that filing with the VCHR can be accomplished at the same time a claimant files an action with the EEOC. *See Id.* at 439. When a charge of discrimination is sent first to the EEOC instead of the state deferral agency, the EEOC will refer the claim to the state agency. *Id.* This procedure is a product the above-mentioned worksharing agreement between the EEOC and the VCHR. *See generally* 42 U.S.C. § 2000e–8(b). This worksharing agreement states in pertinent part the following:

I.   Introduction

B.   In recognition of, and to the extent of the common jurisdiction and goals of the two (2) Agencies, and in consideration of the mutual promises and covenants contained herein, the FEPA and the EEOC hereby agree to the terms of this Worksharing Agreement, which is designed to provide individuals with an efficient procedure for obtaining redress

---

**2.**   The VHRA provides in pertinent part that:

It is the policy of the Commonwealth of Virginia [t]o safeguard all individuals within the Commonwealth from unlawful discrimination because of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status or disability ... in employment.

Conduct which violates any Virginia or federal statute or regulation governing discrimination on the basis of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, or disability shall be an "unlawful discriminatory practice" for the purposes of this chapter.
Va.Code §§ 2.1–715 to 2.1–716.

for their grievances under appropriate State of Virginia and Federal laws.

### II. Filing of Charges of Discrimination

A. In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both EEOC and the FEPA for purposes of ... Title VII.

Worksharing Agreement Between Virginia Council on Human Rights and Equal Employment Opportunity Commission for Fiscal Year 1998.

This Court has already determined that a unitary filing with the EEOC in which the complainant checked the box at the bottom of the standard EEOC charge form requesting that the charge be filed with both the EEOC and the state agency satisfies the requirement that plaintiffs commence proceedings under state law. *See Capps,* 67 F.Supp.2d 589. Other federal courts in Virginia have reached the same or similar conclusions. *See Harris v. TJX Companies, Inc.,* 60 F.Supp.2d 562 (W.D.Va.1999) (holding that plaintiff had exhausted state remedies where EEOC transmitted charge to VCHR pursuant to the worksharing agreement and VCHR declined to investigate); *Grimes v. Canadian American Transportation, C.A.T., Inc.,* Civ. Action No. 98–0409–R, 59 F.Supp.2d 572 (W.D.Va., Roanoke Div., July 28, 1999) (holding that jurisdiction in federal court is proper where plaintiff checked box and EEOC transmitted charge but VCHR declined to investigate); *Flippo v. American Home Prods.,* 59 F.Supp.2d 572 (E.D.Va.1999) (holding same). *But see Walker v. Electrolux Corp.,* 55 F.Supp.2d 501 (W.D.Va.1999) (holding that plaintiff had no jurisdiction in federal court because she failed to allege a state law claim, but declining to discuss

pleading requirement to set forth charge of discrimination).

■ This case presents a slightly-different question than that presented in the above cases since Mr. Nash's charge of discrimination was forwarded to the VCHR despite his failure to check the dual-filing box at the bottom of the EEOC's Form 5. However, checking or not checking the box has no effect on whether a charge of discrimination will actually be forwarded to the VCHR. The worksharing agreement, which ensures that charges are automatically forwarded, trumps whatever is entered at the bottom of the form and makes checking the box irrelevant for purposes of EEOC claims filed within Virginia. *See Dew v. Nabisco, Inc.,* Civ. Action No. 3:99CV353 (E.D. Va., Richmond Div., Oct. 4, 1999) (Failure to check the appropriate box on the EEOC form will not strip a federal court of jurisdiction since checking the box has no significance regarding how a charge is processed under the worksharing agreement).

■ Nash Construction also argues that this court lacks jurisdiction because Mr. Nash has failed to specifically allege a violation of state law. That line of reasoning is derived from *Walker,* 55 F.Supp.2d 501, which in turn cites *Davis,* 48 F.3d 134. However, *Capps* rejected that argument by holding that there was no need for a plaintiff to specifically allege a violation of state law since the VHRA only requires "a written statement by a person ... alleging an act of discrimination prohibited by § 2.1–716 of the Code of Virginia." 22 VAC 25–10–20. In short, the VHRA does not require a claimant to do anything more than make an allegation of discrimination. *See Capps,* 67 F.Supp.2d at 593; *Flippo,* 59 F.Supp.2d at 576–77 ("in Virginia, a written statement of facts lacking any citation to specific state statutes is sufficient to commence proceedings under state law"); *Dew,* Civ. Action No. 3:99CV353 (holding that "the making of a complaint with the EEOC or the VCHR setting forth a factual basis for employment discrimina-

tion is sufficient to commence proceedings under state law"). Moreover, unlike the claimant in *Davis*, Mr. Nash has not affirmatively renounced state law relief since a failure to check the box does not raise that inference. *See Dew*, Civ. Action No. 3:99CV353. Thus, *Davis* is inapplicable here, as is its progeny, *Dodge v. Philip Morris, Inc.*, 175 F.3d 1014 (Table), 1999 WL 162955 (4th Cir.1999), an *unpublished* decision that cited *Davis* for the proposition that a plaintiff must pursue their claims under state law to satisfy jurisdictional prerequisites. Nevertheless, Mr. Nash *did* exhaust available state law remedies: his failure to check the box had *absolutely no effect* on the VCHR's processing of his claim. *See Dew*, Civ. Action No. 3:99CV353 (finding *Dodge* inapplicable because the VCHR reviews the substance of factual allegations of discrimination to determine whether violations of state law are presented, regardless of whether the box is checked). To require anything greater would be asking more than what the statutes—both Title VII and the VHRA—require, which is especially inappropriate in the context of a remedial anti-discrimination statute that is designed to be accessible to the layperson. *See Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

## CONCLUSION

The plaintiff has met his burden under 42 U.S.C. § 2000e–5(c). Neither a failure to check the box at the bottom of the EEOC form nor a failure to specifically allege a violation of state law strips a federal court of jurisdiction to hear Title VII claims. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

## ORDER

Plaintiff Larry Wayne Nash filed this wrongful termination action under the Americans with Disabilities Act of 1990 against defendant D.S. Nash Construction Company. Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth in the attached Opinion, defendant's motion to dismiss is DENIED.

The Clerk is hereby directed to send a certified copy of this Order and the attached Opinion to all counsel of record.